The opinion of the Court was delivered by
Inglis, J.
The rules of criminal pleading require sufficient certainty in the necessary descriptions of the indictment to protect the defendant against another prosecution for the same act. So far as the report of the trial below informs this Court of the terms of the present indictment, the only description of the dog, the killing of which constituted the trespass, so as to distinguish it from any other dog, is by an allegation of the ownership. It is described as the property of Jacob Bookman. The ownership is a usual element of description in all indictments for offences against property. Here it constitutes the whole description.
The proof is very clear that the dog killed by the defendant was the property of Chalmers, a son of Jacob Bookman *207 eighteen years old and residing with his father. It was, when, two years old, given to him by his sister, who got it at her grandmother’s.
Articles of property furnished by a father, in fulfilment of his natural duty to provide for his children, to his minor son who lives with him, may be described in an indictment, even for larceny, as the property either of the father or of the son. The general property may be said to be in the father who has bought and paid for them — the use in the child. (2 Russ. Cr. 94; The State vs. Williams, 2 Strob. 229.) But where, in an indictment for larceny of certain articles of wearing apparel, the property was laid to be in J. W., and the proof was that they belonged to a son of J. W., nineteen years old, bound apprentice to his father and entitled by the covenants of his indentures to be supplied with his clothing, the Court held the indictment defective. 2 Russ. Cr. 95.) The clothing had been furnished not in discharge of the father’s natural duty, but in performance of a contract and for a valuable consideration. Whatever property he had held in them had been divested, and the ownership was exclusively in the son.
A dog, although for some purposes regarded in law as the subject of property, ministers rather to the pleasure than to the necessities or profit of his owner, especially when the latter is a youth. It is not, therefore, such an article as the father is bound to furnish to his minor child living with and dependent upon him. The dog of Chalmers Bookman was not given to him by his father, nor had the latter ever owned it. The son’s title was wholly independent of the father.
The Court is, therefore, constrained to say that the charge in the indictment was not sustained by the proof. The case must go back for another trial. If, however, the State can make no other proof of ownership than that heretofore made, this indictment cannot be sustained.
The Act under which this proceeding was instituted is a new penal statute, subjecting the convicted offender to fine *208 and imprisonment. It should, in favor of the liberty of the citizen, be strictly construed. Dogs are not expressly mentioned in the enumeration contained in the Act, (12 Stat. 903, A. A. Jan., 1861,) though several other animals are, all of them, however, such as may be the subject of larceny. If embraced at all, they can only be under the general description, “other personal property.” The right of property in dogs has not hitherto been regarded in the law such as that an injury to or a violation of it 'can be punished criminally. The Court hesitates, therefore, to say, in the absence of an express declaration of legislative intention to this effect, that tbe malicious killing of a dog constitutes such a trespass as this statute designed to punish. But on this point no satisfactory conclusion has been attained by us, and as a decision of the question touching it, which is raised in the appeal, is not essential to the disposition of this case, none is intended to be made.
The motion for a new trial is granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.
New trial granted.